**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

BHAVIN CHAUHAN,
Plaintiff,

v.

AMAZON.COM SERVICES LLC; AMAZON WEB SERVICES, INC.; AMAZON.COM, INC.; AMOGHA SUBRAMANYA D A; VINAY CHOPRA; and ANNELISE NEWMAN,
Defendants.

**No. 2:26-cv-01596-TL**

PLAINTIFF'S MOTION FOR RECONSIDERATION OF DKT. 43 MINUTE ORDER

NOTE ON MOTION CALENDAR: JULY 13, 2026

Plaintiff respectfully moves under Local Civil Rule 7(h) for reconsideration of the Court's Minute Order denying Plaintiff's Motion to Extend the Rule 15(a)(1)(B) deadline. Dkt. 43.

The issue is narrow: Dkt. 41 was filed before the federal deadline expired (before midnight in the Court's timezone on July 8th 2026), and Rule 6(b)(1)(A) permits the Court to evaluate that pre-expiration request for good cause rather than treating it as categorically late.

Plaintiff did not argue that a preliminary-injunction motion automatically extends Rule 15(a)(1)(B). Plaintiff also does not ask the Court to determine now whether Plaintiff must amend, will amend, or what any amendment should contain. Plaintiff sought only to preserve the Federal Rules opportunity to decide whether and how to amend once the pending preliminary-injunction posture is resolved, without creating an avoidable procedural dispute over whether a new pleading would supersede the complaint on which the fully briefed PI motion rests.

Reconsideration is warranted because the Court appears to have misapprehended the basis of Plaintiff's Rule 6(b)(1)(A) request and, as a result, did not evaluate the good-cause reason Plaintiff actually presented: preserving one stable operative complaint for the pending PI motion while

preserving the Rule 15(a)(1)(B) amendment opportunity before Rule 26(f), initial disclosures, and discovery planning begin.

**I. Rule 6(b)(1)(A) permits the requested extension.**

Rule 15(a)(1)(B) and Rule 15(a)(2) are not functionally identical at this stage of the case. Rule 15(a)(1)(B) gives a party one amendment as a matter of course within 21 days after service of a responsive pleading. Rule 15(a)(2), by contrast, requires consent or leave. Although leave should be freely given, Rule 15(a)(2) still creates collateral motion practice over pleading architecture before discovery is framed.

That difference matters here. Plaintiff sought to preserve the Rule 15(a)(1)(B) opportunity without filing an amended pleading that could disturb the fully briefed PI motion. Preserving that opportunity does not concede that the existing complaint is to be amended, and it does not alter the pending PI record. It simply avoids forcing Plaintiff into one of two inefficient choices: file an amended pleading immediately and risk disrupting the PI motion, or forfeit the as-of-course amendment opportunity and invite avoidable Rule 15(a)(2) motion practice before discovery begins.

Recent authority from this District confirms the Rule 6 mechanism. In Kirkham v. City of Bellingham, the plaintiff sought amendment but had not properly presented the proposed amended pleading for Rule 15(a)(2) review. Rather than force unnecessary Rule 15(a)(2) motion practice, the court construed the filing as a Rule 6(b)(1)(A) request to extend the Rule 15(a)(1)(B) amendment-as-of-course deadline and granted a short extension. Kirkham v. City of Bellingham, No. 2:24-cv-01625-DGE-SKV, Dkt. 30 at 2-3 (W.D. Wash. June 2, 2025). The same efficiency rationale applies here: Plaintiff specifically sought a pre-expiration extension of the Rule 15(a)(1)(B) deadline so that the amendment opportunity would not be lost while the PI motion remained pending.

That result follows from the Federal Rules. Rule 6(b)(1)(A) authorizes the Court, for good cause, to extend a deadline when the request is made before the original time expires. Rule 15 is not among the deadlines excluded from extension by Rule 6(b)(2). The Supreme Court has explained that Rule 6(b) supplies the mechanism for enlarging federal deadlines and distinguishes pre-expiration requests from post-expiration motions. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 n.5 (1990). The Ninth Circuit likewise recognizes that Rule 6(b) works with federal-rule deadlines not excluded by Rule 6(b)(2) to provide flexibility in enlarging time. Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017).

The Ninth Circuit's Rule 6 good-cause standard is also flexible. In Ahanchian v. Xenon Pictures, Inc., the court explained that Rule 6(b)(1)(A)'s good-cause standard is 'non-rigorous' and that pre-deadline extension requests should normally be granted absent bad faith or prejudice. 624 F.3d 1253, 1259-60 (9th Cir. 2010).

**II. Good cause existed because immediate amendment could disrupt the pending PI motion.**

The good-cause reason was not that a PI motion automatically extends Rule 15. The good-cause reason was that filing an amended complaint while the PI motion was fully briefed could create a real procedural dispute over supersession, mootness, nexus, supplementation, or rebriefing.

An amended complaint supersedes the prior complaint. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008-09 (9th Cir. 2015). A preliminary-injunction motion must also maintain a sufficient nexus to the operative complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). Together, those principles show the problem Plaintiff sought to avoid: if Plaintiff evaluated and filed an amended complaint immediately, the parties and the Court could then have to determine whether the existing PI motion remained live, whether it remained sufficiently tethered to the operative pleading, or whether additional briefing was required.

District courts have confronted this issue in the TRO/PI context. In Cline v. Dan-Bunkering (America), Inc., No. 3:24-cv-02081-JES-AHG, Dkt. 21 at 2-3 (S.D. Cal. Jan. 3, 2025), after the plaintiff filed a FAC while TRO and dismissal motions were pending, the court required the parties to address whether the FAC mooted the pending motions, whether the motions should be refiled, or whether they could be decided as submitted and as applied to the FAC. Plaintiff does not argue that an FAC always moots a PI motion. The point is narrower: immediate amendment can create a collateral procedural dispute and delay where emergency relief is already fully briefed.

This is the exact disruption Dkt. 41 sought to avoid. The PI motion was fully briefed. Plaintiff sought a narrow Rule 6 extension so the Court could consider emergency relief on the existing operative complaint and existing PI record, while preserving the Rule 15(a)(1)(B) opportunity to decide whether and how to amend afterward.

**III. The Standing Order should guide discretion, not make a pre-expiration request categorically late.**

Plaintiff recognizes and respects the Standing Order's ordinary timing requirements for deadline-relief motions. The narrow point is that where a Rule 6(b)(1)(A) request is filed before the federal

deadline expires, the Standing Order should inform the Court's discretionary good-cause analysis, not operate as a categorical bar that changes when the Federal Rules deem the deadline expired.

For electronic filing, the last day ends at midnight in the Court's time zone unless a different time is set. Fed. R. Civ. P. 6(a)(4)(A). Plaintiff filed Dkt. 41 before midnight on July 8, 2026, before the Rule 15(a)(1)(B) period expired. Local rules and judge directives must be applied consistently with the Federal Rules. Fed. R. Civ. P. 83(a)(1), (b); Heinemann v. Satterberg, 731 F.3d 914, 916-17 (9th Cir. 2013); Ramirez, 806 F.3d at 1007-09.

Applied to this case, a categorical application would compress Rule 15(a)(1)(B)'s 21-day period into a practical seven-day decision window for any party that may need extension relief: by day seven, the party must either have decided to move to extend on ordinary 14-day notice or later face the view that relief is too late. But Rule 15(a)(1)(B) gives the party 21 days to decide whether to amend as of course, and Rule 6(b)(1)(A) permits a pre-expiration extension request. Where the reason not to file immediately is to avoid disrupting a fully briefed PI motion, a categorical bar forces a false choice: file the FAC and risk mooting or rebriefing the PI, or preserve the PI and lose the federal Rule 15(a)(1)(B) opportunity. Plaintiff respectfully asks the Court to harmonize the Standing Order with Rules 6 and 15 by considering the good-cause showing on its merits.

Plaintiff is not asking the Court to hold that every same-day extension request must be granted. Rule 6(b)(1)(A) remains discretionary. Plaintiff asks only that the Court reconsider whether this pre-expiration request should be evaluated under Rule 6(b)(1)(A)'s good-cause standard rather than deemed too late solely because it was filed on the final day of the federal amendment period.

**IV. The requested extension avoids prejudice and promotes orderly discovery.**

Reconsideration is also warranted because denial of the pre-expiration request materially affects the posture of the case before Rule 26(f), initial disclosures, and discovery planning. Plaintiff sought a narrow extension not to delay the PI motion, not to expand emergency relief, and not to concede any defect in the existing complaint. Plaintiff sought to preserve an orderly sequence: one operative complaint for the pending PI motion, followed by the ability to decide whether and how to amend before discovery is framed.

If the Rule 15(a)(1)(B) period is treated as forfeited despite a same-day pre-expiration filing, the parties may be diverted into collateral Rule 15(a)(2) motion practice before Rule 26(f), initial disclosures, and discovery planning. A brief Rule 6(b)(1)(A) extension would instead permit the case

to proceed on a stable operative pleading before discovery is framed, without impairing Defendants' right to respond to any amended pleading if filed.

There is no bad faith and no prejudice to Defendants. Plaintiff filed before expiration, did not file an amended pleading that could disturb the PI record, and sought only a narrow extension. Defendants' PI briefing remains unchanged. Defendants retain all rights to respond to any amended complaint if one is filed. No discovery has commenced, and no trial date has been set.

**V. Conclusion**

For these reasons, Plaintiff respectfully requests that the Court reconsider Dkt. 43, reconsider the denial of Dkt. 41, and extend Plaintiff's Rule 15(a)(1)(B) deadline for twenty-one (21) days after entry of the order resolving this motion, or to any other date the Court deems appropriate to preserve Plaintiff's federal amendment opportunity while avoiding unnecessary disruption to the fully briefed Motion for Preliminary Injunction, Dkt. 22. Plaintiff does not ask the Court to alter the PI schedule or rule on the PI motion by any particular date.

DATED: July 13, 2026

Respectfully submitted,

/s/ Bhavin Chauhan
Bhavin Chauhan, Plaintiff Pro Se
400 NW Gilman Blvd, Unit 140
Issaquah, WA 98027
bhavinvc@proton.me