UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD ARTHUR KIRKHAM,

Plaintiff,

v.

CITY OF BELLINGHAM, et al.,

Defendants.

Case No. C24-1625-DGE-SKV

ORDER RE: MOTION TO AMEND

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Richard Arthur Kirkham, proceeding pro se in this 42 U.S.C. § 1983 civil rights action, filed a Motion for Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a). Dkt. 26. Defendants oppose the motion. Dkt. 27. The Court, having considered the motion, all papers filed in support and opposition, and the remainder of the record, herein finds and concludes as follows.

Plaintiff seeks to amend his complaint to add claims regarding his allegations of evidence tampering and to ensure that an affidavit he previously filed with his initial pleading is properly included on the docket. He also requests that the Court grant him thirty days to file the amended pleading. Defendants assert that the motion to amend was not timely filed under Rule



Dockets.Justia.com

15(a)(1)(B), and fails to include a copy of the proposed amended pleading as required by Local Civil Rule (LCR) 15(a). Defendants also assert that Plaintiff's allegations of evidence tampering amount to a spoilation argument, which is a discovery issue, not a cause of action, and that, because the operative pleading is "riddled with inaccuracies and legal deficiencies[,]" Dkt. 27 at 3, they will be filing a motion to dismiss following a ruling on the motion to amend.

Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of either a responsive pleading or a motion under Rule 12(b), (e) or (f). Plaintiff asserts that his motion was timely filed under this rule due to a delay in the delivery of the responsive pleading. The docket provides support for this assertion in showing that Plaintiff filed a notice of change of address on the same day Defendants filed their answer. *See* Dkts. 23-24. Plaintiff did not, however, submit the amended pleading. Plaintiff therefore failed to amend his pleading as a matter of course.

In all other cases, a party may, pursuant to Rule 15(a)(2), amend its pleading only with the opposing party's written consent or with leave of court. Under this rule, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, under LCR 15(a), a party seeking leave of Court to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation to amend.[1] A motion to amend not accompanied by a proposed amended complaint is procedurally deficient and will not be considered. The Court therefore does not consider Plaintiff's procedurally deficient request to amend under Rule 15(a)(2), or any arguments raised in support or opposition to the substance of the proposed amendments to the pleading.

---

[1] In addition, the party seeking to amend "must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added[,]" and "must not incorporate by reference any part of the preceding pleading, including exhibits." LCR 15(a).

The Court may, however, construe Plaintiff's motion as requesting an extension of the Rule 15(a)(1)(B) deadline for filing an amended pleading once as a matter of course. *See* Fed. R. Civ. P. 6(b)(1)(A) (allowing district courts to extend court deadlines, subject to exceptions). Plaintiff specifically requested an extension of time and indicated he was in the process of drafting and editing the proposed amended pleading. *See* Dkt. 26 at 3 & Dkt. 29 at 3-4. The Court, with consideration of this request and Plaintiff's pro se status, finds a brief extension of the Rule 15(a)(1)(B) deadline reasonable. The Court also notes that allowing for such an amendment will obviate the need for consideration of any motion to amend Plaintiff would presumably seek to file under Rule 15(a)(2) were the Court to deny the extension, and expedite consideration of Defendants' anticipated dispositive motion.

The Court, in sum, herein DENIES the motion to amend as procedurally deficient, but GRANTS the construed motion to extend the time to file an amended pleading once as a matter of course under Rule 15(a)(1)(B). Plaintiff may file an amended pleading under this Rule on or before **June 23, 2025**. Plaintiff is advised that, should he fail to comply with this deadline, any further motion to amend must be filed pursuant to Rule 15(a)(2), and must comply with LCR 15(a). The Clerk is directed to send copies of this Order to the parties and to the Honorable David G. Estudillo.

Dated this 2nd day of June, 2025.

S. KATE VAUGHAN
United States Magistrate Judge