UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BHAVIN CHAUHAN,
Plaintiff,

v.

AMAZON.COM SERVICES LLC et al,
Defendants.

CASE NO. 2:26-cv-01596-TL

ORDER ON MOTION TO EXTEND JOINDER AND AMENDMENT DEADLINES

This matter is before the Court on Plaintiff Bhavin Chauhan's Motion to Extend Joinder and Amendment Deadlines. Dkt. No. 66. Having reviewed the motion, Defendants' response (Dkt. No. 67), Plaintiff's reply (Dkt. No. 69), and the relevant record, the Court DENIES the motion.

At the September 10, 2026, scheduling conference, the Court advised the Parties of the backlog this District and Court currently faces due to the unprecedented influx of immigration

habeas cases[1] and that it would likely be some time before the Court could reach the pending Motion for Preliminary Injunction (Dkt. No. 22). The existence of the Motion for Preliminary Injunction should not affect the Parties proceeding with the case. Indeed, if Plaintiff has additional parties it wants to join or wants to amend his complaint, it is better to do that early so that he can get discovery on any additional claims he may want to add. If Defendants will not consent[2] to Plaintiff's proposed amended complaint, then Plaintiff can file a motion seeking to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) and explain whether the amended complaint affects his Motion for Preliminary Injunction in any manner.

Accordingly, Plaintiff's Motion to Extend Joinder and Amendment Deadlines (Dkt. No. 66) is DENIED.

Dated this 5th day of November, 2026.

Tana Lin
United States District Judge

[1] The number of filings have continued to increase since the scheduling conference. Between January and October 2026, the Western District of Washington received over 1,600 habeas corpus petitions filed by individuals in immigration detention, compared to 118 in the same period in 2025. A petition for writ of habeas corpus is uniquely urgent, as it is "entitled by statute to special, preferential consideration to [e]nsure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her]." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965)). Also, some 740 more non-prisoner civil cases were filed between January and September 2026 than during the same period in 2025.

[2] Email exhibits provided by Plaintiff show that Plaintiff requested Defendants stipulate to Plaintiff filing an amended complaint, to which Defendants responded they would not stipulate without first seeing the amended complaint. *See* Dkt. No. 66-2 at 2–5. The email records do not show whether there have been subsequent discussions about Plaintiff agreeing to send Defendants a copy of his amended complaint in order to further seek Defendants' agreement in its filing. However, the Court will note that requesting to see the proposed amendments prior to deciding whether to consent is a reasonable one. Any amended complaint will need to be filed publicly on the docket in compliance with Local Civil Rule 15 in any event, and providing a copy pre-filing to the opposing party may eliminate the need for a motion to amend.